IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ELKHORN VALLEY TRUCKS, LLC<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendants. | **8:24CV339**<br><br>**FINAL PROGRESSION ORDER (AMENDED)** |

This matter is before the Court on Defendant's motion to modify final progression order, Filing No. 82, and the parties' joint stipulation to modify final progression order. Filing No. 95. For the reasons below, these motions will be granted in part and denied in part.

The Court has been intimately involved in the progression of this case over the preceding months. Despite extensive court involvement and warnings to the parties regarding the progression of this case, the parties now seek extensions to various deadlines upwards of 190 days. Likewise, they now suggest the Court enter deadlines that were never contemplated in the prior case progression orders (i.e. separate fact discovery and expert discovery deadlines). While the undersigned understands discovery in this case is voluminous, the issues the parties now face are not a surprise. Rather, the breadth of discovery could have been anticipated in 2024 when this case was filed, or, if not then, in either August 2025, September 2025, October 2025, November 2025, or December 2025 when the parties filed numerous joint stipulations to extend deadlines, all which indicated the parties did "not anticipate the foregoing enlargements of time to respond and/or object will interfere with the Court's discovery deadlines as set forth in the Final Progression Order (Filing No. 35)." Filing Nos. 42, 44, 45, 46, 47, 49. Or, the breadth of this discovery and current issues could likely have been anticipated in

April 2026 when the Court provided them with additional time to complete discovery. Filing Nos. 55, 56. Nonetheless, the parties filed another motion to amend case progression in June 2026. The Court held a conference regarding this joint motion and advised the parties they should not expect any more extensions to any more deadlines. After this conversation, the Court granted the motion in full. This progression order, consistent with its conversation with the parties, stated "No further extensions will be considered absent a substantial showing of good cause." Filing No. 69.

Regardless of this language, the parties now jointly request the Court extend certain deadlines in excess of six months. The reason – voluminous depositions. The undersigned is acutely aware of these depositions, having had to mediate the dates, location, and logistics of many of these depositions on multiple occasions. The fact of the matter is, the parties have known since June 16, 2026, forty-five days before the parties contacted the Court to advise of their issues scheduling such depositions, that the deposition deadline was December 18, 2026. In addition, the parties have known, since they filed their joint motion to extend on June 5, 2026, that they were going to be performing more depositions than typical (requesting 150 hours of deposition testimony per party). Their own motion stated that: the United States anticipated performing three 30(b)(6) depositions of corporate entities and more than ten depositions of Plaintiff's customers. They further indicated these depositions would likely require travel.

Finally, the Court ordered the parties to further meet and confer regarding Defendant's <u>opposed</u> motion to modify. Filing No. 93. It is curious that, with minimal explanation, the parties' joint stipulation extends a number of deadlines even further than Defendant originally requested. While the Court appreciates the parties working together to reach an agreement, the extensions proposed are unworkable.

For the reasons set forth herein, the undersigned does not find good cause to extend the parties' deadlines as requested. Rather, the undersigned finds an extension of all deadlines by sixty days to be appropriate and sufficient.

Accordingly,

IT IS ORDERED that the Defendant's motion to modify final progression order, Filing No. 82, and the parties' joint stipulation to modify final progression order, Filing No. 95, are denied to the extent the Court does not adopt the proposed deadlines. The Court grants the parties' request for extensions as follows:

1) The trial and pretrial conference will not be set at this time. The status conference to discuss case progression, the parties' interest in settlement, and the trial and pretrial conference settings set for December 15, 2026 is continued and will be held with the undersigned magistrate judge on **February 16, 2027** at **10:00 a.m.** by telephone. Counsel shall use the conferencing instructions assigned to this case to participate in the conference.

2) The deadline for completing written discovery under Rules 33, 34, 36 and 45 of the Federal Rules of Civil Procedure is January 19, 2027. Motions to compel written discovery under Rules 33, 34, 36, and 45 must be filed by February 2, 2027.

   **Note:** A motion to compel, to quash, or for a disputed protective order shall not be filed without first contacting the chambers of the undersigned magistrate judge to set a conference for discussing the parties' dispute.

3) The deadlines for identifying expert witnesses expected to testify at the trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are completed.

4) The deadlines for complete expert disclosures for all experts expected to testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), is December 18, 2026.

5) The deposition deadline, including but not limited to depositions for oral testimony only under Rule 45, is February 16, 2027.

6) The deadline for filing motions to dismiss and motions for summary judgment is May 4, 2027.

7) The deadline for filing motions to exclude testimony on *Daubert* and related grounds is May 4, 2027.

8) Motions in limine shall be filed twenty-eight days before trial. It is not the normal practice to hold hearings on motions in limine or to rule on them prior to the first day of trial. Counsel should plan accordingly.

9) All other deadlines and provisions in the Court's prior final progression orders not amended herein remain unchanged.

10) No further extensions will be considered absent a substantial showing of good cause.

Dated this 25th day of September, 2026.

BY THE COURT:

*s/ Jacqueline M. DeLuca*

United States Magistrate Judge